IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 27, 2012 Session

## JAMES LUEKING, et al., v. CAMBRIDGE RESOURCES, INC., et al.

**Appeal from the Circuit Court for Scott County**
**No. 7205     Hon. John McAfee, Judge**

**No. E2011-02393-COA-R3-CV-FILED-NOVEMBER 26, 2012**

In this case the Trial Court entered a "Final Judgment". The Judgment did not resolve defendant's Counter-Claim. On appeal, we hold we are without jurisdiction to consider the Appeal and dismiss the Appeal.

**Tenn.  R. App. P.3 Appeal as of Right; Appeal Dismissed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Johnny V. Dunaway, LaFollette, Tennessee, for the appellants, James Lueking and Jim Reed.

John R. Wingo, Nashville, Tennessee, for the appellees, Cambridge Resources, Inc., PDC Resources, Inc., Oneida Gas, Inc., and Lick Branch Unit Joint Venture.

**OPINION**

This appeal arises from an oil and gas lease dispute.  Plaintiffs brought suit for declaratory judgment and damages against defendants/appellees, Cambridge Resources, Inc., PDC Resources Inc., Oneida Gas, Inc. and Lick Branch Unit Joint Venture (LBUJV), who are lessees and operators of an oil and gas production unit.

The defendants  filed an Answer and Counter Complaint.  They generally denied the

allegations in the Complaint and asserted that other property owners who had oil and gas leases and were part of the LBUJV were indispensable parties to the action. The Counter Complaint sought compensatory and punitive damages, claiming that Reed and Lueking intentionally interfered with defendants' oil and gas operations on the Lick Branch Unit and that the true purpose of the suit was to harass and defame them.

The defendants then filed a motion for dismissal based on a lack of subject matter jurisdiction. The defendants asserted the case was governed by the Federal Energy Regulatory Commission (FERC), which requires proceeding through FERC administrative proceedings. The Court denied the motion to dismiss, and bifurcated the issues raised in the Complaint and the issue of whether there was commercial production of oil and gas during a six month period between December 1994 and September 1995. This issue was tried before a jury which found that defendants did not produce oil and did not produce gas in the Lick Branch Unit between December 1994 and September 1995. After the jury trial, the Trial Court found there was proof of a lease and that plaintiffs were entitled to rentals of $1,000.00 per month from October 1994 through November 2010, totaling $194,000.000 with pre judgment interest of $242,043.04. The Court stated in its oral ruling and in its written judgment that it believed the gas storage issue was within the purview of the jurisdiction of the OGB and that the Unit Agreement controlled this issue. The Court also prohibited plaintiffs from presenting the jury with the issue of whether they were entitled to damages for nuisance as it found that this issue lies exclusively with the OGB. Plaintiffs took a non-suit on the issue of damages for nuisance. The final judgment was entered and plaintiffs/appellants filed a Notice of Appeal the same day.

On May 26, 2011, the Court of Appeals issue an Order that provided that the Judgment of the Trial Court was not final and not appealable as the Trial Court had held an issue in abeyance. The appeal filed by plaintiffs/appellants on February 8, 2011 was dismissed.

Following the Court of Appeals' dismissal, the Trial Court held a hearing on June 26, 2011 to determine the issue held in abeyance, i.e., whether plaintiffs could present to the jury their claims against defendants for trespassing by storing gas under the surface of their land. The Trial Court dismissed this issue, holding that the Oil and Gas Board had exclusive jurisdiction over it. On November 4, 2011, a Final Judgment was entered. Plaintiffs/ appellants filed a Notice of Appeal the same day.

There was no evidence presented to the Trial Court in connection with defendants' Counter Claim nor were there any motions filed in regard to the Counter Claim. The Trial Court did not enter an order dismissing or granting the Counter Claim or otherwise disposing of it. Because the Counter Claim was not adjudicated, the judgment of the Trial Court made

subject of this appeal is not a final judgment.   As the judgment is not final, this Court is without jurisdiction to consider the appeal.  *See* Tenn. R. App. P. 3 (a); *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009)(An order that fails to adjudicate all of the parties' claims is unenforceable and not subject to appeal); *In re Estate of Henderson,* 121 S.W.3d 643, 645 (Tenn. 2003)(A final judgment resolves all of the parties' claims and leaves the court with nothing to adjudicate).

Accordingly, this appeal is dismissed and the cause remanded to the Trial Court for final adjudication of all the claims made in the defendants'/appellees' Counter Complaint.

The cost of this appeal is assessed to James Lueking and Jim Reed.


_____
HERSCHEL PICKENS FRANKS, P.J.